J-S31044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL JOSEPH BEGNOCHE, | : | |
| | : | |
| Appellant | : | No. 1393 MDA 2015 |

Appeal from the Order Entered July 6, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004038-2010

BEFORE:    SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 17, 2016**

Paul Joseph Begnoche (Appellant) appeals from the July 6, 2015 order that dismissed his motion to vacate his judgment of sentence, which the lower court treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.[1]

In December 2011, Appellant was sentenced to an aggregate term of 10 to 20 years of imprisonment following his negotiated *nolo contendere* pleas to numerous charges involving Appellant's sexual assaults upon his

---

[1] Also before us is Appellant's Application for Relief, in which he claims that a hearing before this Court scheduled to take place on March 14, 2016, "never took place and has been moved up to an undisclosed date…."  Application for Relief, 4/13/2016.  This Court has not scheduled any hearing to take place on this appeal; rather, it seems that Appellant has confused the date on which his case was submitted on briefs to this panel with a "hearing date." Thus, Appellant has identified no valid basis for relief, and we deny his application.

*Retired Senior Judge assigned to the Superior Court.

daughter. Appellant filed no direct appeal. Appellant's first, timely-filed PCRA petition resulted in no relief. *Commonwealth v. Begnoche*, 120 A.3d 370 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 123 A.3d 330 (Pa. 2015).

On April 29, 2015, Appellant *pro se* filed the petition that is the subject of the instant appeal, which he titled "MOTION TO VACATE JUDGMENT, AND/OR IN THE ALTERNATIVE PETITION TO SET ASIDE HIS MANDATORY MINIMUM SENTENCE PURSUANT TO *ALLEYNE V. UNITED STATES*,[2] *NUNC PRO TUNC.*" On July 6, 2015, the PCRA court entered an order dismissing Appellant's motion. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant's claim that his sentence is illegal is cognizable under the PCRA. *See* 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which … persons serving illegal sentences may obtain collateral relief."). "When an action is cognizable under the PCRA, the PCRA is the 'sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]'" *Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa. Super. 2011) (quoting 42 Pa.C.S. § 9542). *See also Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (noting that a petitioner cannot escape the statutory requirements of the PCRA by

---

[2] 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury).

styling his filing as something other than a PCRA petition).  Therefore, the lower court properly treated Appellant's motion as a PCRA petition.

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception.  42 Pa.C.S. § 9545(b).  The PCRA's "[s]tatutory time restrictions are mandatory and jurisdictional in nature, and may not be altered or disregarded to reach the merits of the claims raised in the petition."  **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007).

Appellant was sentenced in December 2011 and he filed no direct appeal; thus, his judgment of sentence became final in January 2012.  Accordingly, Appellant had until January 2013 to file timely a PCRA petition.  The petition at issue, filed in April 2015, is patently untimely.

Appellant, having denied that his motion was to be treated as a PCRA petition, did not attempt to establish a timeliness exception.  However, any such attempt based upon the **Alleyne** decision would have been futile, as it is well-established at this point that "**Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition."  **Commonwealth v. Ruiz**, 131 A.3d 54, 58 (Pa. Super. 2015).

Contrary to Appellant's assertions, it makes no difference that the claim Appellant seeks to make derives from the federal Constitution, as "the

- 3 -

substance of [a] PCRA petition is irrelevant to whether it has been timely filed." ***Commonwealth v. Owens***, 718 A.2d 330, 332 (Pa. Super. 1998).

Appellant also seems to suggest that his claim should be entertained because "a challenge to the legality of sentence is non-waivable." Appellant's Brief at 6 (unnecessary capitalization omitted).  This argument is unavailing: "when a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review." ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007).

Accordingly, the lower court correctly dismissed Appellant's motion as an untimely-filed PCRA petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016

- 4 -